Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4387 | **DATE** | 2/24/2003 |
| **CASE TITLE** | USA ex rel JOSE TREJO vs. JAMES SCHOMIG | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Petitioner, Trejo's section 2254 petition is denied and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 25 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 2 5 2003

UNITED STATES, ex. rel. )
JOSE TREJO, )
)
Petitioner, )
)
v. ) No. 02 C 4387
) Paul E. Plunkett, Senior Judge
JAMES SCHOMIG, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

Jose Trejo has filed a petition pursuant to 28 U.S.C. § 2254 ("section 2254") to set aside his

conviction. For the reasons set forth below, the petition is denied and this case is dismissed.

### *Procedural Background*

In 1997, Trejo was convicted of first-degree murder and sentenced to thirty years in prison.

(Gov't Ex. D, *People v. Trejo*, No. 1-97-2733, slip op. at 1 (Ill. App. Ct. Sept. 24, 1998).) The

Illinois Appellate Court affirmed Trejo's conviction and sentence on September 24, 1998. (*Id.* at

2.)

Trejo then filed a petition for leave to appeal to the Illinois Supreme Court. That court

denied Trejo's petition on February 3, 1999. (Gov't Ex. F, *People v. Trejo*, No. 86501 (Ill. Sup. Ct.

Feb. 3, 1999) (order denying petition for leave to appeal).)

-1-



After the proceedings on his direct appeal were complete, Trejo filed a *pro se* petition for post-conviction relief. That petition was denied on March 5, 1999, by the trial court without an evidentiary hearing. (Gov't Ex. H.) The denial of Trejo's petition for post-conviction relief was affirmed on February 2, 2001. (Gov't Ex. L, *People v. Trejo*, No. 1-99-1408, slip op. at 1 (Ill. App. Ct. Feb. 2, 2001).) Trejo then filed a petition for rehearing on the merits. The Illinois Appellate Court denied the rehearing on April 12, 2001. (Pet'r Ex. G.)

Trejo filed a petition with the Illinois Supreme Court for leave to appeal. The supreme court denied his petition on June 29, 2001. (Gov't Ex. O, *People v. Trejo*, No. 91552 (Ill. Sup. Ct. June 29, 2001) (order denying petition for leave to appeal).)

### *Discussion*

In his section 2254 petition, Trejo raises three claims: (1) that his conviction rests on insufficient evidence and thus his due process rights have been violated; (2) that his Fourth Amendment rights were violated by an arrest without probable cause[1]; and (3) that his Sixth Amendment right of confrontation was violated when a witness's grand jury testimony was admitted as substantive evidence.

We can reach the merits of these claims only if Trejo "raised all of [them] during the course of the state proceedings, presenting each claim fully and fairly to the state courts." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "A petitioner presents his claims fully by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Id.* (internal

---

[1] Trejo characterizes this claim both as a violation of his Fourth Amendment rights and as an ineffective assistance of counsel claim because his appellate counsel did not raise the issue on direct appeal.

quotation marks and citation omitted). A petitioner presents his claims fairly if he gives the state

courts "a meaningful opportunity to pass upon the substance of the claims later presented in federal

court." *Id.* Both the operative facts and the "controlling legal principles" must be submitted to the

state court. *Id.* (internal quotation marks and citation omitted). If a petitioner does not raise his

claims in a petition for a discretionary appeal to the state supreme court, he cannot satisfy this

requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the

state courts one full opportunity to resolve any constitutional issues by invoking one complete round

of the State's established appellate review process").

Respondent has failed to raise a procedural default defense for Trejo's first (insufficiency of

evidence) and third (violation of Sixth Amendment right of confrontation) claims, and so we will

address the merits of those claims. *See United States ex. rel. Gonzalez v. DeTella*, 918 F. Supp.

1214, 1219 (N.D. Ill. 1996). However, Trejo's second claim (violation of Fourth Amendment

rights/ineffective assistance of counsel) is procedurally defaulted.[2] Trejo asserts that his appellate

counsel was constitutionally ineffective because he (Trejo's counsel) failed to raise on direct appeal

Trejo's Fourth Amendment violation claim, which is "the trial court's improper denial of [ ] Trejo's

motion to quash his arrest." (Pet'r. Am. Pet. at 11.) This claim was not raised until Trejo appealed

the dismissal of his post-conviction petition and it was characterized at that time as an ineffective-

assistance-of-counsel claim. The Illinois Appellate Court dismissed Trejo's claim and articulated

an independent and adequate state-law ground for doing so – forfeit under Illinois' Post-Conviction

---

[2] In his *pro se* post-conviction petition, Trejo raised an ineffective-assistance-of-counsel claim as it relates to his trial counsel's failure to investigate a particular fact that supported a witness's identification. (Gov't Ex. G at A36-37.) The claim here involves a different alleged deficiency of appellate counsel and was made for the first time when Trejo appealed the denial of his post-conviction petition.

Hearing Act, 725 ILCS 5/122-1 *et. seq.*[3] The court's discussion of the cause and prejudice test of

the fundamental fairness doctrine, and its related examination of the issue's merits, does not detract

from its express statement that Trejo failed to adhere to the state's own procedural rules. *See Harris*

*v. Reed*, 489 U.S. 255, 259 n.10 (1989) ("[b]y its very definition, the adequate and independent state

ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the

state court's judgment, even when the state court also relies on federal law").

Despite the default, we can still reach the merits of this claim if Trejo can show adequate

cause for having failed to raise his claim on appeal and actual prejudice resulting from the default.

*See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991). Absent such a showing, a defaulted claim

is reviewable only if the violation would result in a "fundamental miscarriage of justice." *Rodriquez*,

193 F.3d at 917.

The cause for his failure to raise his Fourth Amendment claim in prior proceedings is the

ineffective assistance of appellate counsel. Trejo's appellate counsel failed to raise on direct appeal

the issue of an improper arrest. In *Edwards v. Carpenter*, 529 U.S. 446 (2000), the Supreme Court

stated an ineffective-assistance-of-counsel claim asserted as a cause for a procedural default "is *itself*

an independent constitutional claim . . . . [and] *that* constitutional claim, like others, [must] be first

raised in state court." *Id.* at 451-52 (emphasis in original). Thus, Trejo must find a sufficient

---

[3] The court stated:
> In other words, if defendant had asserted that the alleged waiver [of the claim] had
> stemmed from ineffective assistance of appellate counsel prior to his post-conviction
> petition, waiver would not apply to his ability to pursue the claim in his post-
> conviction petition. However, since defendant has proceeded beyond that stage and
> failed to reference this issue in his post-conviction petition, section 122-3 of the Act
> mandates that he has effectively forfeited this issue by not advancing it the second
> time around. *People v. Trejo*, No. 1-99-1408 (Gov't. Ex. L at 5-6).

"cause" for his failure to raise this ineffective-assistance-of-counsel claim. "Cause" is "'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002) (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986).) Trejo offers the fact that he filed his post-conviction petition *pro se* and that circumstances at his prison contributed to his failure to assert his claim. These reasons are insufficient to establish "cause" to excuse a procedural default of a claim.

Trejo does not have a constitutional right to counsel in post-conviction proceedings, *see Neal v. Gramley,* 99 F.3d 841, 843 (7th Cir.1996), and "where the State has no responsibility to ensure that petitioner was represented by competent counsel . . . it is the petitioner who must bear the burden of a failure to follow state procedural rules." *United States v. Coleman*, 501 U.S. at 754. 1270, 1272 (7th Cir.1990). *See United States ex rel. Galvan v. McVicar*, 2000 WL 1780351, *4 -5 (N.D. Ill. Dec. 4, 2000) (discussing numerous cases where lack of education, illiteracy, proceeding *pro se*, prison rules and similar circumstances do not constitute "cause" to excuse a procedural default). Because Trejo is unable to show cause to excuse his default, we need not reach the issue of whether he could establish prejudice. *Dellinger*, 301 F.3d at 767.

Nor has Trejo shown that our failure to review his defaulted claim would result in a fundamental miscarriage of justice. That exception only applies when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Rodriguez*, 193 F.3d at 917 (internal quotation marks and citation omitted). Trejo has not demonstrated that he is actually innocent of the crime for which he was convicted; in fact, he does not even argue that we review his claim on this basis. Thus, the fundamental miscarriage of justice exception does not apply in this case.

-5-

Our review of the remaining claims is controlled by section 2254, which provides:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved, an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

### *Insufficiency of Evidence*

Trejo claims that the evidence in his case is insufficient to sustain his conviction beyond a reasonable doubt. He claims specifically that the state court unreasonably based his conviction on the testimony of three witnesses, where, in each case, the testimony of the witness was deficient.[4]

Because this claim implicates a mixed question of law and fact, it is governed by the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979): whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Our review, then, turns on "whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 198 (7th Cir. 1996), *vacated on other grounds*, 522 U.S. 801 (1997). When the issue is a "matter of degree, rather

---

[4] Trejo claims that one witness did not actually identify him, one witness did not implicate him, and one witness was found by the trial court to be unreliable.

-6-

than of concrete entitlements, . . . . a responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment." *Lindh v. Murphy*, 96 F.3d 856, 871 (7th Cir. 1996).

The appellate court began its review of Trejo's first degree murder conviction by correctly noting that its function was not to retry Trejo, but to apply the *Jackson* standard. (Gov't Ex. D at 6.) The appellate court recognized that matters relating to the weight given to any particular testimony and the credibility of any witness are determinations within the province of the trier of fact. (*Id.* at 8.) The trier of fact is to "fairly . . . resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jacskon* at 319.

This case involved a gang-related shooting and the evidence showed that certain witnesses had been threatened and were reluctant to testify. The appellate court was cognizant of this fact and recognized that "[t]he trial judge was in the best position to observe [witnesses'] behavior and see through the witness' attempts to distance themselves from their original statements and grand jury testimony." (Gov't Ex. D at 9.) The appellate court then went on to address each of Trejo's complaints regarding witness testimony, keeping in mind the *Jackson* test.

The appellate court ruled unanimously that the evidence was sufficient to sustain Trejo's conviction. The court was familiar with the trial evidence and used this evidence in its reasoning. With respect to Garibay's identification testimony, the court cited relevant factors to be considered in evaluating the reliability of an identification, looked to the evidence in the record and found support for the trial court's determination. (*Id.* at 9-10.) *See Gomez*, 106 F.3d at 200-01.

As for Trejo's objections to Gonzalez' and Negrete's testimony, the appellate court deferred to the trial court judge who, as the trier of fact, made decisions about the credibility of each witness (and the weight due the testimony) and resolved matters raised by conflicting evidence. (*Id.* at 8.)

After considering all of the evidence before the trial court, the appellate court found that a rational

trier of fact could have found in the way the trial court did. (*Id.* at 10.) Once a defendant has been

found guilty of the crime charged, the "factfinder's role as weigher of the evidence is preserved

through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the

light most favorable to the prosecution." *Jackson,* 443 U.S. at 319.

Trejo complains that it is unreasonable to sustain his conviction based on the witnesses'

testimonies when the same testimonies could not support his co-defendants' convictions. The

appellate court found, however, that the co-defendants were not tried on the same set of facts. (Gov't

Ex. D at 8.) Viewing the evidence in the light most favorable to the prosecution supported the

determination that the trial court did not err in finding sufficient evidence to convict Trejo. (*Id.* at

12.) *See Jackson,* 443 U.S. at 326 ("a federal habeas corpus court faced with a record of historical

facts that supports conflicting inferences must presume – even if it does not affirmatively appear in

the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must

defer to that resolution"). Because the state court correctly identified the governing legal standard

and reasonably applied it to the facts of this case, its conclusion that Trejo's conviction is supported

by legally sufficient evidence provides no basis for habeas relief.


### *Sixth Amendment Right of Confrontation*

Trejo claims that his Sixth Amendment right of confrontation was violated when the trial

court admitted as substantive evidence certain grand jury testimony of Patricia Negrete, an

"unwilling" witness. We find this claim also provides no basis for habeas relief.

This claim implicates a mixed question of law and fact, *see Burns v. Clusen*, 798 F.2d 931 (7th Cir. 1986), and Trejo's claim for relief on this issue will be denied if the state court's application of clearly established Supreme Court law was reasonable. *Spreitzer v. Peters*, 114 F.3d 1435, 1441 (7th Cir. 1997). In this case, however, on both direct appeal and post-conviction petition appeal, the state court considered Trejo's claim regarding the admission of Negrete's grand jury testimony as an evidence question, *i.e.*, whether the admission was in conformity with 725 ILCS 5/115-10.1 (Admissibility of prior inconsistent statements). The question was not presented to the state court specifically as a Confrontation Clause question and so this specific constitutional claim was not fairly presented to the state court for resolution.[5] Respondent has not made any procedural default argument, though, and so we consider Trejo's claim on the merits.

The Confrontation Clause of the Sixth Amendment involves the right of a defendant to confront the witnesses against him. *See Delaware v. Fensterer*, 474 U.S. 15 (1985). The "literal right to 'confront' the witness at the time of trial . . . forms the core of the values furthered by the . . . Clause." *Id.* (citing *California v. Green*, 399 U.S. 149, 157 (1970)). The Confrontation Clause does not guarantee that a witness's testimony will not be "marred by forgetfulness, confusion, or evasion." *Id* at 22.

Trejo relies on *Douglas v. Alabama*, 380 U.S. 415 (1965), for support of his claim. In that case, the Court found that Douglas's right of confrontation was violated when the witness, Douglas's co-conspirator, invoked his privilege against self-incrimination and refused to answer any questions. The witness was declared a hostile witness and portion's of his confession, which implicated

---

[5] In contrast, Trejo did raise the specific Sixth Amendment right of confrontation claim with respect to the testimony of Ricardo Gonzales. (Gov't Ex. A at 27-34.)

Douglas, were read into evidence. The right of confrontation was violated here because Douglas had been denied the opportunity to cross-examine the witness and the witness's confession was the only direct evidence of Douglas's involvement in the crime. *Id.* at 419.

In contrast to the *Douglas* case, Negrete did not remain silent during her testimony or cross-examination. She answered questions about the day of the murder, her grand jury testimony and various other matters. She remembered going to the grand jury and admitted to having given certain information during the grand jury proceedings. (Tr. at 222, 225-26, 229, 231-32). At trial, she changed her story about the night of the murder and testified that she lied to the grand jury. (Tr. at 273-74.) The Court in *Douglas* based its decision on the fact that the witness refused to answer at all. *Douglas*, 380 U.S. at 420 ("effective confrontation of [the witness] was possible only if [he] affirmed the statement as his"). Here, Negrete did affirm some of the grand jury testimony as hers but claimed to have forgotten certain other portions of her testimony. Her memory lapse, feigned or real, did not result in a violation of Trejo's Sixth Amendment right of confrontation. *See United States v. DiCaro*, 772 F.2d 1314, 1327 (7th Cir. 1985) (discussing *United States v. Payne*, 492 F.2d 449 (4th Cir. 1974), where no Confrontation Clause violation was found when a witness's prior written statement was admitted when the witness at trial "claimed to have forgotten both the giving of the statement and the facts contained within the statement").

Trejo focuses too much on Negrete's alleged failure to remember making certain statements to the grand jury. Her selective memory, though, is one factor considered by the trier of fact when assigning weight to her testimony. The right contained within the Confrontation Clause is not concerned with only the substance of the testimony. It is important that the fact-finder can observe the demeanor of the witness, when the witness is under cross-examination, is testifying under oath

-10-

and is in the presence of the accused. *Delaware*, 474 U.S. at 20. There is value in "compelling [the witness] to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether his is worthy of belief." *Douglas*, 380 U.S. at 419 (quoting *Mattox v. United States*, 156 U.S. 237, 242-43 (1895)).

The Confrontation Clause "guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware*, 474 U.S. at 20. Even when the witness cannot recall providing facts in an affidavit or even appearing before a grand jury, admission of the affidavit and grand jury testimony as substantive evidence does not violate the Confrontation Clause. *United States v. Keeter*, 130 F.3d 297, 302 (7th Cir. 1997). In deciding *Keeter*, the Seventh Circuit looked to *United States v. Owens*, 484 U.S. 554 (1988) and found that "the confrontation clause ... [is] satisfied when the witness must look the accused in the eye in court." *Keeter*, 130 F.3d at 302. Negrete took the stand and answered questions regarding Trejo's involvement in the murder. Her failure to remember certain specifics of grand jury testimony and the admission of that testimony into evidence did not result in a violation of Trejo's Sixth Amendment right to confront the witnesses against him.

## *Conclusion*

For the reasons set forth above, Trejo's section 2254 petition is denied and this case is dismissed.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: 2-24-03