# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4387 | **DATE** | 6/18/2003 |
| **CASE TITLE** | USA ex rel JOSE TREJO vs. JAMES SCHOMIG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Petitioner Jose Trejo's Rule 59 motion for reconsideration is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 20 2003 | 30 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | 03 JUN 19 AM 9:58 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, ex rel.<br>JOSE TREJO,<br><br>    Petitioner,<br><br>v.<br><br>JAMES SCHOMIG,<br><br>    Respondent. | No. 02 C 4387<br>Paul E. Plunkett, Senior Judge |

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on petitioner's Federal Rule of Civil Procedure ("Rule") 59 motion for reconsideration. For the following reasons, petitioner's motion is denied.

*Discussion*[1]

Petitioner previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing three constitutional violations as grounds for relief. We denied his petition on all grounds. Petitioner has filed this motion for reconsideration, believing that we have misapprehended his first and second constitutional claims.

*Legal Standard*

A motion to reconsider is appropriate when the facts or law on which the decision was based have changed or when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

---

[1] Procedural history and background are set forth in our February 24, 2003 Opinion.



A motion to reconsider is not an opportunity for parties to rehash old arguments or raise new arguments that could have previously been offered. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

*Petitioner's Claims*

Petitioner's first claim is that his conviction rests on insufficient evidence. We found previously that the state court's application of the *Jackson* standard was "within the bounds of reasonableness" (as required by *Gomez v. Acevedo*, 106 F.3d 192, 200-201 (7th Cir. 1996)) and respected its decision. *See United States ex rel. Trejo v. Schomig*, 2003 WL 548364, at *3 (N.D. Ill. Feb. 25, 2003). In this motion for reconsideration, petitioner makes the same arguments as in his habeas petition and we believe they have already been adequately addressed.

Petitioner's second claim is that his Fourth Amendment rights were violated because he was arrested without probable cause. Again, petitioner restates his previous arguments, albeit downplaying one aspect of his argument and focusing more fully on another. A motion for reconsideration is not the appropriate vehicle to expand on arguments previously made. Although our decision remains the same, we address petitioner's Fourth Amendment claim briefly for the sake of clarity.

During petitioner's criminal proceedings, his trial counsel moved to quash his arrest. After an evidentiary hearing at which petitioner testified, the trial court denied the motion. Appellate counsel failed to raise the improper arrest issue on appeal and apparently did not obtain the transcripts from the motion to quash proceedings.

Petitioner did not raise his Fourth Amendment claim in his *pro se* post-conviction petition to the state, an omission he attributes to ineffective assistance of appellate counsel. But petitioner did not raise an ineffective assistance of appellate counsel claim in his post-conviction petition either. We found that petitioner procedurally defaulted both of these claims and could not establish adequate cause to excuse the default. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991).

2

Petitioner offers two "causes" to excuse the procedural default of his claims: (1) his *pro se* status at the time he filed his post-conviction petition with the state and (2) his appellate counsel's substandard performance. It is this second cause which petitioner now fleshes out. According to petitioner, appellate counsel's performance was deficient because he (appellate counsel) failed to order the transcript of the hearing on the motion to quash petitioner's arrest. That transcript, petitioner says, would have alerted him to the existence of both his Fourth Amendment and his ineffective assistance of appellate counsel claims. But the transcript was not among the records forwarded to petitioner by his appellate counsel. Thus, petitioner says, he prepared his *pro se* state post-conviction petition unaware that those claims existed.

To the extent petitioner is advancing an ineffective assistance of counsel claim with respect to the preparation of his post-conviction petition, petitioner's claim is factually and legally deficient. Factually, the counsel petitioner complains of was petitioner's appellate counsel; petitioner's post-conviction petition was prepared *pro se*. Legally, there is no right to counsel in post-conviction proceedings. *See United States ex rel. Galvan v. McVicar*, 2000 WL 1780351, at *4 (N.D. Ill. Dec. 4, 2000) (citing *Neal v. Gramley*, 99 F.3d 841, 843 (7th Cir. 1996)).

In essence, petitioner argues that his appellate counsel's failure to order the transcript prevented him from timely raising his claims. We disagree. Petitioner has been aware of the existence of his Fourth Amendment claim since the beginning of the criminal proceedings against him. Petitioner knew the circumstances of his arrest and, having attended the hearing on the motion to quash, the trial court's reasons for deeming it constitutional. Moreover, he knew, or should have known, from the appellate court's opinion in his case that his appellate counsel failed to raise the Fourth Amendment issue on appeal. In short, though the transcript of the hearing on the motion to quash might have helped petitioner frame his Fourth Amendment and ineffective assistance claims, its absence in no way prevented him from raising those claims in his post-conviction petition.

*Conclusion*

Petitioner has failed to establish any of the grounds for granting a motion to reconsider pursuant to Rule 59. Petitioner's motion is denied.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 6-18-03

4